MEMORANDUM *
*622 Mark and Tatyana Bouwman appeal the district court’s order (1) granting the defendant lenders’ motion for summary judgment dismissing the Bouwmans’ Truth in Lending Act (“TILA”) cause of action and (2) compelling specific performance of the parties’ settlement agreement. The parties executed a Memorandum of Essential Terms (“Memorandum”) that included the provision: “Reaffirmation of loan on existing terms. First payment due on first payment date due under Note after final documents.”
There is no ambiguity in the words “existing terms” that would prevent the formation of a contract. See Yogman v. Parrott, 325 Or. 358, 361, 937 P.2d 1019 (1997). The Bouwmans’ exercise of their claimed right to rescind the loan under TILA was not a “term” that existed between the parties. “Term” is defined as “a contractual stipulation.” Black’s Law Dictionary (8th ed.2004). A proper rescission may abrogate or annul a contract; it cannot add “terms” to a contract. See 26 Williston on Contracts § 68:3 (4th ed.). The Bouwmans are obligated to pay the amount of interest that accrued during the period between their attempted rescission of the loan and the contractual reaffirmation of the loan.
The contract is sufficiently definite to support an order of specific performance. See Genest v. John Glenn Corp., 298 Or. 723, 743, 696 P.2d 1058 (1985).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.